UNITED STATES of America, Plaintiff,

v.

Iwan MANDYCZ, Defendant.

No. CIV 00–40148.

United States District Court,
E.D. Michigan,
Southern Division.

May 11, 2001.

Robert W. Haviland, Assistant United States Attorney, Flint, MI, Ellen L. Chubin, Senior Trial Attorney, Michelle Heyer, Trial Attorney, Office of Special Investigations, U.S. Department of Justice, Washington, DC, for Plaintiff.

Richard P. Zipser, Berkley, MI, Andrew J. Haliw, Joseph A. Siciliano, Haliw Siciliano, Farmington Hills, MI, for Defendant.

## *MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS AND DENYING DEFENDANT'S EMERGENCY MOTION FOR A STAY*

GADOLA, Senior District Judge.

Before the Court is Defendant Iwan Mandycz's "Objections and Emergency Motion for Stay Pending Review and/or Hearing." Defendant is seeking to prevent his deposition scheduled to begin on Saturday, May 12, 2001. Also before the Court is the status conference on discovery originally scheduled for Monday, May 14, 2001. A hearing was held on these matters in open court on May 11, 2001, and the parties were given an opportunity to present arguments in support of or in opposition to Defendant's objections and motion and the outstanding discovery issues. For reasons stated on the record and set forth below, this Court overrules Defendant's objections and denies Defendant's motion.

## Procedural Background

On April 19, 2000, Plaintiff filed a three-count Complaint alleging that Defendant Iwan Mandycz illegally procured U.S. citizenship in violation of the Displaced Persons Act of 1948 ("DPA"), Pub.L. No. 80–774, ch. 647, 62 Stat. 1009 (1948), because he assisted an enemy of the United States in persecution of civil populations (Count I); that Defendant illegally procured U.S. citizenship in violation of the DPA because he was a member of or participated in a movement hostile to the United States (Count II); and that Defendant procured U.S. citizenship in violation of 22 C.F.R. § 53.33 (1949) because he acquiesced in conduct and activities contrary to civilization and human decency by serving as an armed guard at *Schutzstaffel* ("SS") labor camps in Poland (Count III). Plaintiff also filed an Affidavit of Good Cause in support the Complaint, as required in denaturalization actions. *See* 8 U.S.C. § 1451(a).

Defendant, who was born in the Ukraine, is alleged to have been recruited by the SS and German police to serve as a guard at the Trawniki and Poniatowa labor camps in Lublin District in Nazioccupied Poland in 1943. (Compl.¶¶ 7–10, 20.) At this same time, two Nazi projects code-named "Operation Reinhard" and "Operation Harvest Festival" were being implemented to exploit and exterminate Jews in Poland. (*Id.* ¶¶ 11, 16, 17.) Plaintiff alleges that Defendant "served as an armed guard of prisoners, compelled them to work, and prevented them from escaping," (*id.* ¶ 20), and that Defendant procured U.S. citizenship illegally as a result of failing to disclose his past.

On July 7, 2000, this Court entered an Order pursuant to the parties' stipulation that many of the documents in this case would be filed under seal. In a January 12, 2001 Memorandum Opinion and Order, however, this Court vacated its earlier Order to file certain documents under seal, denied Defendant's Motion for Protective Order, and denied Defendant's request to stay the effect of this order to allow Defendant to take an interlocutory appeal.

In a separate Memorandum Opinion and Order also entered on January 12, 2001, this Court denied Defendant's Motion to Dismiss, denied without prejudice Defendant's Motion for Summary Judgment, and granted Defendant's Motion to Appoint a Representative Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure.

On March 2, 2001, the parties met and conferred on discovery as required by Rule 26(f) of the Federal Rules of Civil Procedure. On April 6, 2001, Plaintiff alone filed "Plaintiff's Report of Parties' Planning Meeting." In that report, Plaintiff explains that following the March 2, 2001 conference, Plaintiff made several attempts to obtain Defendant's cooperation on finalizing a discovery plan in order to file it by March 16, 2001, as required by Rule 26(f). After allegedly getting little or no cooperation, Plaintiff filed its own proposed discovery plan.

On April 12, 2001, the parties filed a joint "Report of Parties' Planning Meeting," discussed in more detail below. Among the issues raised in the joint report were (1) the length of Defendant's deposition and (2) the need for a protective order. These two issues became the subject of motions filed by Plaintiff and Defendant, respectively.

On April 27, 2001, Magistrate Judge Wallace Capel, Jr. held a hearing on Defendant's Motion for a Protective Order and Plaintiff's Motion Regarding Duration of Defendant's Deposition. Magistrate Judge Capel ruled from the bench, denying Defendant's motion and granting Plaintiff's motion. That ruling was reduced to a written order entered May 3, 2001.

On May 8, 2001, Defendant filed objections to Magistrate Judge Capel's order and an Emergency Motion for Stay Pending Review and/or Hearing. Because the first deposition is scheduled for May 12, 2001, the Court scheduled a hearing on May 11, 2001 to consider the merits of Defendant's objections.

## Discussion

On December 1, 2000, Rule 26(f) of the Federal Rules of Civil Procedure was revised and now reads, in pertinent part, as follows:

> ... the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a

scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

(1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(3) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record ... are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. . . .

Fed.R.Civ.P. 26(f).

### 1. Changes in the Timing, Form, or Requirement for Disclosures under Rule 26(a)

According to the parties, they agreed to make initial disclosures under Rule 26(a)(1) at or within 30 days after their initial conference, "i.e., on or before the *2nd* day of *April, 2001.*" In the discovery plan, Plaintiff stated that it has served its initial disclosures on April 2, 2001, but, as of April 12, 2001, Plaintiff has received nothing from Defendant. At the May 11, 2001 hearing, however, Plaintiff stated that it had received Defendant's Rule 26(a)(1) disclosures on April 5, 2001.

### 2. Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused upon Particular Issues

Plaintiff proposes that expert reports be exchanged on or before October 12, 2001 and that discovery be completed on or before November 30, 2001. Plaintiff states that the two most recent other cases of this type, the discovery cut-off dates were 7 months and 10 months after the parties initial Rule 26(f) conference.

Defendant proposes that expert reports be exchanged on or before May 15, 2002 and that discovery be completed on or before July 31, 2002. Defendant complains that the initial disclosure from Plaintiff amount to thousands of pages of documents about events that occurred decades ago, and some of the witnesses and other relevant documents are outside the United States.

For reasons stated on the record, this Court orders that expert reports be exchanged on or before November 12, 2001 and that discovery be completed on or before January 30, 2002. These dates should give Defendant almost 11 months of discovery after the parties' Rule 26(f) conference at the beginning of March, 2001, rather than the almost 17 months Defendant is seeking. Furthermore, if those dates approach and the parties need more time, they can file a motion setting forth explicit reasons for an extension, as spelled out in this Court's policies and procedures.

This Court notes that the parties agree that discovery should not be conducted in phases nor be limited to or focused upon particular issues.

### 3. Changes in the Limitations on Discovery Imposed under These Rules or by Local Rule, and What Other Limitations Should Be Imposed

The parties agree that the 25–interrogatory limit will not apply, *see* Fed.R.Civ.P. 33(a), and that the parties "will propound a reasonable number of interrogatories." In order to exceed 25 interrogatories, however, the par-

ties will need "leave of court or written stipulation," so their agreement to waive the limit will have to be reduced to an order. The parties stipulated on the record in open court that they waive the 25–interrogatory limit, but this Court also ordered them to submit a stipulated order to exceed 25 interrogatories setting forth the number of interrogatories to which they agree, thereby allowing them to formulate language that they both find acceptable.

The parties also dispute Plaintiff's proposed change in the limitations on Defendant's deposition. Because this issue was addressed in Magistrate Judge Capel's recent Order, this Court will discuss it separately below.

### 4. Other Orders That Should Be Entered by the Court under Rule 26(c) or under Rule 16(b) and (c)

The parties point out that on March 5, 2001, this Court already entered a Stipulated Protective Order to Enable Production of Documents to Defendant.

Plaintiff requested that the Court grant its Motion Regarding Duration of Defendant's Deposition, and Defendant requested that the Court grant Defendant's Motion for another Protective Order "that Defendant's deposition not be had." Both of these motions were referred to Magistrate Judge Capel.

On April 27, 2001, Magistrate Judge Capel denied Defendant's Motion for a Protective Order and granted Plaintiff's Motion Regarding Duration of Defendant's Deposition. On May 8, 2001, Defendant filed objections to Magistrate Judge Capel's order and an Emergency Motion for Stay Pending Review and/or Hearing, and on May 9, 2001, Plaintiff filed its response.

### a. Defendant's Objections to Magistrate Judge Capel's April 27, 2001 Order

Defendant objects that Magistrate Judge Capel's denial of Defendant's Motion for Protective Order is clearly erroneous and contrary to law because: (A) Defendant's mental condition warrants relieving him from a "grueling, fourteen-hour deposition process

carried out over a series of several consecutive days"; (B & C) Magistrate Judge Capel concluded that Plaintiff's physicians were entitled to as much or more credibility as Defendant's physicians; (D) Magistrate Judge Capel's May 3, 2001 order does not allow sufficient time to object and obtain a de novo hearing before this Court before the May 12, 2001 start of Defendant's deposition. Defendant requests that this Court stay Defendant's deposition in order to allow the parties to depose Plaintiff's and Defendant's physicians and to schedule a de novo evidentiary hearing to examine those physicians and review the Magistrate Judge's order.

■ Rule 72(a) of the Federal Rules of Civil Procedure, which governs pretrial order of Magistrate Judges on nondispositive matters, provides as follows:

A magistrate judge to whom *a pretrial matter not dispositive of a claim or defense of a party* is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be *clearly erroneous or contrary to law.*

Fed.R.Civ.P. 72(a) (emphasis added). According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir.1992); *see Concrete Pipe and Products, Inc. v. Construction Laborers Pension Trust for South-*

*ern California,* 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993).

■ By peppering his objections with allusions to the need for a "de novo hearing," Defendant confuses the standard of review that applies to objections to a Magistrate Judge's pretrial order on nondispositive matters. As Rule 72(a) unequivocally states, this Court must determine only whether Magistrate Judge Capel's order is "clearly erroneous or contrary to law." There is no de novo review of Magistrate Judge Capel's order as there would be for a dispositive motion or prisoner petition under Rule 72(b). Upon review of Rule 72, Defendant agreed on the record that "clearly erroneous or contrary to law" is the applicable standard here.

■ The Court has reviewed the audio tape and transcript of the April 27, 2001 hearing and can find nothing that could be considered clearly erroneous or contrary to law. Magistrate Judge Capel concluded that in order to obtain a protective order barring any deposition of Defendant he would have to show such extraordinary circumstances such as a danger to his health or threat to his life. (*See* Pl. Resp. at 3–4, and cases cited therein.) Magistrate Judge Capel noted that Defendant gave a concise personal history to most.if not all of the physicians who have examined him without suffering physical or mental harm, contrary to Defendant's contention that Defendant is incapable of providing any useful information without personal jeopardy. Magistrate Judge Capel noted that the bulk of the medical evidence shows that at worst Defendant runs the risk of mild to moderate depression as a result of being deposed, and that such depression would be a normal reaction of anyone facing this sort of litigation.

#### i. Defendant's Objection A

As to whether Defendant's mental condition warrants relieving him from a "grueling, fourteen-hour deposition process carried out over a series of several consecutive days," Magistrate Judge Capel carefully structured the depositions into 2–3 hour blocks over several days, allowed for the presence of a physician for each party so Defendant will have someone to talk to in case he becomes stressed, and the presence of Defendant's daughter and/or representative if that would be helpful. As Plaintiff points out, "[t]hese safeguards are exactly the type of accommodations found in the relevant case law." (Pl. Resp. at 6, and cases cited therein.) Therefore, the Court overrules Defendant's Objection A.

#### ii. Defendant's Objections B & C

■ Defendant's Objections B and C are the same objection. Magistrate Judge Capel was entitled to conclude that Plaintiff's physicians were at least as credible as Defendant's physicians. Magistrate Judge Capel repeatedly pointed to the agreement among almost all of the physicians that Defendant has the ability to give a concise personal history without jeopardy to his health. As Plaintiff pointed out, Magistrate Judge Capel correctly "gave little or no weight to those conclusions of Defendant's doctors that were either (i) unsupported by the facts or (ii) legal, not medical, opinions." (Pl. Resp. at 5 (internal citations omitted).) Defendant is attempting to have this Court hold an evidentiary hearing to determine the veracity of the examining physicians. But this Court must first decide whether Magistrate Judge Capel's ruling denying a stay in order to depose and examine the physicians was clearly erroneous or contrary to law, and Defendant has presented no sufficient reason for this Court to conclude that it was. Therefore, the Court overrules Defendant's Objections B and C.

#### iii. Defendant's Objection D

Third, as to Defendant's claim that Magistrate Judge Capel's May 3, 2001 order does not allow sufficient time to object and obtain a de novo hearing from this Court before the May 12, 2001 start of Defendant's deposition, Defendant agrees that this issue is moot because Defendant filed timely objections, Plaintiff filed a timely response, and this Court scheduled a timely hearing to review the objections before May 12, 2001. Furthermore, as explained above, this Court does not review a Magistrate Judge's pretrial order on nondispositive matters de novo.

Therefore, the Court overrules Defendant's Objection D as moot.

### b. Defendant's Emergency Motion for Stay Pending Review and/or Hearing

Because the Court overrules Defendant's objections, the Court also denies Defendant's Emergency Motion for Stay Pending Review and/or Hearing.

At the May 11, 2001 hearing, Defendant also requested that the Court stay Defendant's deposition while Defendant seeks an interlocutory appeal. This Court denies that request because there is no basis for a stay and no substantial ground for any difference of opinion on the controlling questions of law raised in Defendant's objections and motion on which to base an interlocutory appeal. *See* 28 U.S.C. § 1292(b).

### c. Conduct of the Depositions

As stated on the record, Defendant's deposition shall proceed according to Magistrate Judge Capel's April 27, 2001 Order, which was reduced to writing and entered May 3, 2001. In addition to Plaintiff's counsel, Plaintiff also may have Plaintiff's staff historian present and may have co-counsel on speaker-phone during the duration of the deposition, and Defendant's counsel shall provide the speaker-phone. Furthermore, Defendant may tape-record the deposition. Finally, Defendant may have his own interpreter present for the limited purpose of assisting Defendant's counsel in conversation with Defendant during the recesses.

### Conclusion

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that expert reports shall be exchanged on or before November 12, 2001 and discovery shall be completed on or before January 30, 2002.

**IT IS FURTHER ORDERED** that within fourteen days of entry of this Order the parties shall submit a stipulation that specifies the number of interrogatories to which they agree.

**IT IS FURTHER ORDERED** that Defendant's Objections to Magistrate Judge Capel's April 27, 2001 Order [Docket Entry 57] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion for Stay Pending Review and/or Hearing [Docket Entry 57] is **DENIED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Capel's April 27, 2001 Order is **AFFIRMED** and Defendant's deposition shall proceed according to that Order as set forth above.

**SO ORDERED.**